1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  SCOTT N. JOHNSON,
                                        No. CIV S-08-0350 MCE EFB PS
11              Plaintiff,

12      vs.

13  CHARAN BUDWAL,
                                        ORDER
14              Defendant.
    _____/

15

16      Plaintiff's complaint was filed in this action on February 15, 2008.  Dckt. No. 1.  On

17  April 4, 2008, defendant filed a document entitled "Exhibits," which included a cover sheet with

18  the case caption and attached photographs that purport to address the allegations in plaintiff's

19  complaint.  Dckt. No. 5.  Originally, plaintiff did not construe plaintiff's "Exhibits" as an answer

20  to plaintiff's complaint.  *See* Pl.'s May 12, 2008 Status Report, Dckt. No. 6.  Therefore, on

21  September 19, 2008, plaintiff requested that the clerk enter default against defendant.  Dckt. No.

22  10.  The clerk entered default against defendant on September 22, 2008.  Dckt. No. 11.  On

23  February 4, 2009, plaintiff moved for default judgment against defendant.  Dckt. No. 13.

24  Defendant appeared at the hearing on the motion on March 11, 2009 and plaintiff withdrew the

25  motion and stated he would re-file it at a later date.  Dckt. Nos. 13, 14; *see also* Dckt. No. 16.

26  ////

1

1    On July 7, 2009, this case was referred to the undersigned pursuant to Eastern District of

2  California Local Rule ("Local Rule") 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). Therefore, on

3  July 10, 2009, the undersigned issued an order scheduling a status conference for September 16,

4  2009, and directing the parties to file a joint status report, on or before September 2, 2009,

5  addressing various case management matters. Dckt. No. 16. On August 24, 2009, plaintiff filed

6  a request for a continuance of the status conference to October 14, 2009. Dckt. No. 17. That

7  request was granted on August 25, 2009. Dckt. No. 18.

8    On October 2, 2009, plaintiff filed a status report indicating that "[i]nstead of completing

9  the Joint Status Report which was sent to Defendant on September 24, 2009, Defendant chose to

10  send Plaintiff pictures of the parking lot." Dckt. No. 19. at 1. The status report also specifically

11  construed defendant's April 4, 2008 "Exhibits" as an answer to plaintiff's complaint. *Id.* at 2

12  ("Defendant Charan Budwal filed an answer on April 4, 2008.").

13    Therefore, on October 8, 2009, the court continued the status conference to October 28,

14  2009; ordered defendant to show cause, in writing, on or before October 16, 2009, why sanctions

15  should not be imposed upon him for failure to cooperate in filing a joint status report, as required

16  by the July 10, 2009 order; and ordered defendant to file, by October 16, 2009, a status report

17  setting forth the matters referenced in the court's July 10, 2009 order, or a statement that he is in

18  agreement with the statements and scheduling proposals set forth in plaintiff's October 2, 2009

19  status order. Dckt. No. 20. The court further directed the Clerk of Court to send defendant a

20  copy of the July 10, 2009 order. *Id.* Both the October 8, 2009 order and the July 10, 2009 order

21  were served on defendant on October 8, 2009.

22    Although defendant has not filed either a response to the order to show cause or a status

23  report, as required by the October 8, 2009 order, the docket reveals that the clerk's entry of

24  default against defendant on September 22, 2008 has not been set aside. Therefore, rather than

25  sanctioning defendant for failing to respond to the October 8, 2009 order, the court finds that

26  good cause justifies setting aside the clerk's entry of default pursuant to Federal Rule of Civil

1  Procedure 55(c) (based on plaintiff's concession that defendant's April 4, 2008 filing, which was

2  made prior to the entry of default, constituted an answer), discharging the order to show cause,

3  and continuing the status conference to allow defendant's participation in the preparation of a

4  status report.

5  　　　　Defendant is reminded that failure to comply with orders of this court or with the court's

6  Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by

7  statute or Rule or within the inherent power of the Court." Local Rule 11-110. "Failure to

8  follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d

9  52, 53 (9th Cir. 1995). *Pro se* litigants are bound by the rules of procedure, even though

10  pleadings are liberally construed. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Local Rule

11  83-183, governing persons appearing *in pro se*, provides that failure to comply with the Federal

12  Rules and Local Rules may be ground for dismissal, judgment by default, or other appropriate

13  sanction.

14  　　　　Accordingly, IT IS ORDERED that:

15  　　　　1. The Clerk's September 22, 2008 entry of default against defendant is set aside;

16  　　　　2. The October 8, 2009 order to show cause is discharged;

17  　　　　3. The October 28, 2009 Status Conference is continued to November 25, 2009, at 10:00

18  a.m., in Courtroom No. 25; and

19  　　　　4. On or before November 9, 2009, defendant shall file a status report setting forth the

20  matters referenced in the court's July 10, 2009 order, or a statement that he is in agreement with

21  the statements and scheduling proposals set forth in plaintiff's October 2, 2009 status order.[1]

22  　　　　SO ORDERED.

23  Dated: October 22, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

24

25

26  _____
[1]   Plaintiff need not file a further status report in contemplation of the continued status
conference.

3